IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 10, 2002

## STATE OF TENNESSEE v. WENDELL RAY WILLIAMS

**Criminal Court for Davidson County**
**No. 2001-A-108**

---

**No. M2001-02296-CCA-R3-CD - Filed April 4, 2003**

---

### DISSENTING OPINION

The majority concludes that reversal is necessitated based upon (1) failure to instruct the jury on facilitation and (2) error in admitting into evidence the defendant's prior felony drug conviction for purposes of impeachment. Because I am unable to join on either point, I must respectfully dissent.

As observed by the majority, determination of whether a lesser included offense instruction should be given is governed by the following test:

> First, the trial court must determine whether any evidence exists that reasonable minds could accept as to the lesser-included offense. In making this determination, the trial court must view the evidence liberally in the light most favorable to the existence of the lesser-included offense without making any judgments on the credibility of such evidence. Second, the trial court must determine if the evidence, viewed in this light, is legally sufficient to support a conviction for the lesser-included offense.

*State v. Burns*, 6 S.W.3d 453, 469 (Tenn. 1999).

To convict the defendant under a theory of facilitation in this case, the State was required to prove that the defendant "knowingly furnished substantial assistance in the commission of the felony." Tenn. Code Ann. § 39-11-403(a).

The defendant's position at trial, viewed in the light most favorable to the existence of a facilitation instruction, established that: (1) the defendant told police that the cocaine belonged to his wife; (2) his wife had a significant cocaine problem; (3) he accompanied his wife knowing that she was going to purchase drugs; (4) the car was driven by the wife; (5) the defendant and his wife had been married for ten years and the car "belonged" to him; and (6) the defendant rode with his

wife and remained in the car while she went inside a friend's house. I am unable to conclude from these facts that the defendant's mere presence in a car driven by his wife is enough to constitute substantial assistance in the commission of the charged felony. As such, I find no evidence exists, from which reasonable minds could accept, to support a theory of facilitation. Accordingly, I find no error by the trial court in rejecting the instruction of facilitating the possession of cocaine with the intent to sell.

Moreover, with regard to the second issue, I find, in accordance with *State v. Vernon Dewayne Waller*, No. M2001-02414-CCA-R3-CD, (Tenn. Crim. App. at Nashvillle, Aug. 23, 2002), *perm. to appeal granted* (Tenn. 2002), no error in the admission of the defendant's prior felony drug convictions for purposes of impeachment.

> The illegal sale of drugs is an extremely profitable criminal enterprise and its very nature involves a sustained intent to violate the law and the use of deceptive practices. *State v. Christopher Knighton*, No. E2000-00746-CCA-R3-CD (Tenn. Crim. App. at Knoxville, Mar. 14, 2001). These crimes are normally not detected in the absence of a police undercover operation. *Id.* People who deal in drugs frequently suffer an addiction to drugs and commit other crimes to obtain money to buy drugs. *Id.* These circumstances all involve elements of dishonesty. *Id.* We agree with this court's opinion in *State v. Christopher Knighton* and find that the better reasoned view is expressed in those cases which hold that felony drug convictions are relevant to the issue of credibility.

*Id.*

The trial court's decision to admit a prior conviction under Rule 609 will not be reversed on appeal, unless the trial court abused its discretion. *State v. Blanton*, 926 S.W.2d 953, 960 (Tenn. Crim. App. 1996). I find no abuse of discretion.

For the above reasons, I would affirm the judgment of the trial court.

_____
DAVID G. HAYES, JUDGE